Ehrenfriede Pahee Kauapirura
On the county at Large, Kings
c/o: 1331 East 104th Street
Brooklyn, New York 11236-4507



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
ATTN: Article III Judge (s)
D/B/A: CHIEF JUDGE Margo K. Brodie

Ehrenfriede Pahee Kauapirura,

    Plaintiff(s)

vs.

UNITED STATES OF AMERICA et; al
DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
D/B/A: **IRS Agent John Does 1-100**
and
DEPUTY ASSISTANT ATTORNEY GENERAL
D/B/A: **DAVID A HUBBERT,**

    Defendant(s)

Cause No. _____

**Affidavit in Support of Complaint**

**via Negative Averment Admissions**

State of New York  )
                   )  Subscribed, affirmed, and sealed
Kings County       )

1. I, **Ehrenfriede Pahee Kauapirura**, living woman, Affiant, being over 18 years of age, of sound mind, appear in propria persona and state that the following is true and correct to the best of my knowledge and belief under penalty of perjury to place testimonial evidence on the court's record.

2. Affiant appears from the soil/Land, on the county at Large, **Kings**, in accord with the premises set forth in Norton v. Shelby County, 118 U.S. 425 (1886), and is not a fiction at law.

3. Defendants are defined above on the title page and hold actual or quasi-PUBLIC OFFICE(s) of trust with corresponding commercial liability.

4. It does not appear that the Defendants do not admit, acknowledge, and stipulate that this is an action in law, equity, special admiralty, special maritime on land, and subject to said jurisdictional remedies.

5. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the IRS is not an organization within the United States Department of the Treasury.

6. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the U.S. Department of the Treasury was organized by statutes now codified in Title 31 of the United States Code, abbreviated "31 U.S.C."

7. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the IRS has already admitted that it is not a United States Government agency in the case of *Diversified Metals v. T-Bow Trust Co.*, USDC Idaho (93-405-E-EJL) Case No. Case 4:93-cv-00405-BLW, admission filed November 19, 1993, in UNITED STATES

ANSWER AND CLAIM, page 2 of 6, number "4.", "Denies that the Internal Revenue Service is an agency of the United States Government . . ."

8. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the only mention of the IRS anywhere in 31 U.S.C. §§ 301-313 is an authorization for the President to appoint an Assistant General Counsel in the U.S. Department of the Treasury to be the Chief Counsel for the IRS. See 31 U.S.C. 301(f)(2).

9. It does not appear that the Defendants do not admit, acknowledge, and stipulate that throughout <u>Title 28</u> of the United States Code -- the laws which govern all the federal courts -- the term "this title" clearly refers to Title 28.

10. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the above previously stated fact would tend to support a conclusion that "this title", as that term is used in the IRC, refers to **Title 26 of the United States Code.**

11. It does not appear that the Defendants do not admit, acknowledge, and stipulate that **Title 26 has never been enacted into positive law**.

12. It does not appear that the Defendants do not admit, acknowledge, and stipulate that *even if* the IRS were a lawful bureau or department within the <u>U.S. Department of the Treasury</u> (which they are NOT), the existence of undue influence by the Executive Branch would violate the fundamental principle of Separation of Powers.

13. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the previously stated principle, in theory, keeps the three (3) branches of the federal government confined to their respective areas, and prevents any one branch from usurping the lawful powers that rightly belong to the other two branches.

14. It does not appear that the Defendants do not admit, acknowledge, and stipulate that

**The Separation of Powers principle is succinctly defined in <u>Williams v. United States</u>, 289 U.S. 553 <u>(1933)</u>; however, in that decision the Supreme Court erred by defining "Party" to mean only Plaintiffs in <u>Article III</u>, contrary to the definition of "Party" that is found in Bouvier's <u>Law Dictionary</u> (1856).**

15. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the federal judiciary, contemplated by the organic <u>U.S. Constitution</u>, was intended to be independent and unbiased; these two qualities are the essence, or sine qua non of judicial power, i.e. without which there is nothing and undue influence obviously violates these two qualities. See EVANS v. GORE, 253 U.S. 245 (1920).

16. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant is not and never was a "taxpayer" as that term is defined in the Internal Revenue Code, a "person liable" for any Internal Revenue tax, or a "person" subject to the provisions of that Code, and that Affiant has always been, a "non-taxpayer;" that courts have recognized and acknowledged that individuals can be non-taxpayers, "... for with them Congress does not assume to deal and they are neither of the subject nor of the object of revenue laws ... ," as stated by the Court in Long v. Rasmussen, 281 F. 236 (1922), and also Delima v. Bidwell, 182 U.S. 176, 179 and Gerth v. United States, 132 F. Supp. 894 (1955).

17. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the U.S. Congress codified the term "Non-Filer" which is defined at "The IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, title III, §3707, July 22, 1998, 112 Stat. 778, codified as a note to Section 6651, Title 26 U.S.C., §3707 (a)(b)(c):" found at https://www.govinfo.gov/content/pkg/PLAW-105publ206/html/PLAW-

[105publ206.htm](105publ206.htm)

18. It does not appear that the Defendants do not admit, acknowledge, and stipulate that said "**Form 1040**" contained no reference to any law or laws which would explain just exactly who is or is not subject to or liable for the income tax, nor did it contain any notice or warning to anyone that merely sending said completed "Form 1040" to the IRS would waive Affiant's right to privacy secured by the 4th Amendment.

19. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant is the tax assessor in this legal relation pursuant to The IRS Reorganization of 1952 which abolished the Office of the Collector of Internal Revenue and left all federal taxes to be self-assessed.

20. It does not appear that the Defendants do not admit, acknowledge, and stipulate that The IRS Restructuring and Reform Act of 1998, finally, recognized the change in all federal taxes by prohibiting the designation of non-filers as illegal tax protesters.

21. It does not appear that the Defendants do not admit, acknowledge, and stipulate that the designation of any activity as "illegal" is a judicial function impossible for an IRS employee to make.

22. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant's right to not be a witness against himself is secured by the 5th Amendment to the United States Constitution, and that the "Form 1040" would in itself constitute legal evidence admissible in a court of law, that the filer is subject to and liable for the income/excise tax even though and regardless of the fact that Affiant, as a free individual, is actually and legally not subject to or liable for any income/excise tax and has no legal duty or obligation whatsoever to complete and file a "Form 1040."

23. It does not appear that the Defendants do not admit, acknowledge, and stipulate that a copy of any/all documents **IS NOT** maintained in the system of records identified as **Individual Master File (IMF)** specific and **not literal**; Data Service, Treasury/IRS 24.30 "**IMF MCC TRANSCRIPT SPECIFIC**" <u>as it relates to Affiant</u>.

24. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant does not hold public office.

25. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Title 26 U.S.C. 7701(a)(26) defines "trade or business" as "the performance of the functions of a public office."

26. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Any alleged outstanding commercial liabilities were discharged, see Affidavit of Notice [of Discharge].

27. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant has discharged the birth certificate, see Exhibit B, COPY OF FILED DISCHARGE OF BIRTH CERTIFICATE.

28. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Affiant is the Principal Owner, Holder-in-due-Course, Secured Party Creditor, in relation to her estate, **EHRENFRIEDE PAHEE KAUAPIRURA®™©** – ESTATE/TRUST. See **Exhibit A**.

29. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Defendants did not respond to the ADMINISTRATIVE ADJUDICATION known as **Affidavit of Notice [of Discharge]** and remained Nihil Dicit, "he says nothing."

30. It does not appear that the Defendants do not admit, acknowledge, and stipulate that

Affiant discharged the alleged IRS tax debt.

31. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Respondents failed to object to the evidence of the Promissory Note discharge and therefore admit said note has been discharged.

32. It does not appear that the Defendants do not admit, acknowledge, and stipulate that The discharged tax issue is evidence before this court that there is no controversy regarding the discharged alleged tax debt.

33. It has also come to the attention of this litigant that the defendant's by and through the U.S. Attorney's Office are somehow "Special" and get to evade timely answering. They are not special. The rules apply equally to both sides.

"Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen. . . For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government." Bank of U.S. v. Planters Bank, 9 Wheaton (22 US) 904; Clearfield Trust Co. v. U.S., 318 US 363-371.

34. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Pursuant to rules of evidence 601, 602, and 603, and TRINSEY v. PAGLIARO | 229 F.Supp. 647 (1964), an attorney cannot testify on behalf of a dead person and a corporation is a dead person.

35. It does not appear that the Defendants do not admit, acknowledge, and stipulate that "The record for judicial review generally has been limited to the administrative record, so participants who fail to develop evidence during internal review risk forfeiting the use of that evidence in district court." Heimshoff v. Hartford Life & Accident Insurance Co., 187 Led 2d, 571 U.S. ___ (2013).

36. It does not appear that the Defendants do not admit, acknowledge, and stipulate that

"Indeed, no more than [an affidavit] is necessary to make the prima facie case." Id at 536, U.S. v. Kis, 658 F.2d 526, (7th Cir. 1981).

37. It does not appear that the Defendants do not admit, acknowledge, and stipulate that This record by affidavit with exhibits constitutes a testimonial evidentiary record.

38. It does not appear that the Defendants do not admit, acknowledge, and stipulate that If Defendants believe that any of the foregoing is untrue then Affiant requests a counter affidavit be produced rebutting each fact with proof and particularity, point for point.

39. It does not appear that the Defendants do not admit, acknowledge, and stipulate that Defendants have sixty (60) days to review the above listed points and rebut or all is admitted in commercial law and equity.

40. Defendant(s) have 60 days to rebut the above listed statements point-for-point BY SWORN AFFIDAVIT or all are admitted into evidence as factual and correct.

\
\
\

FURTHER AFFIANT SAYETH NAUGHT

I, **Ehrenfriede Pahee Kauapirura**, living woman, Affiant, being of sound mind, over 18 years of age, hereby state under penalty of perjury, to the best of my knowledge and belief that the above is true and correct in accord with 28 USC 1746 to provide and place evidentiary testimony before the court.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

_____
Ehrenfriede Pahee Kauapirura, living woman, Affiant
\

| State of New York | ) | |
| --- | --- | --- |
| | ) | Subscribed, affirmed, and sealed |
| Kings County | ) | |

\
On this ____ day of September 2023, the above listed signor did appear before me and did autograph her signature and affirm under penalty of perjury that her statements are true and correct to the best of her knowledge and belief.

_____
Notary Public

seal

(NOTARY PUBLIC / EARL E SATAHOO / No. 01SA6274025 / Exp. 12/24/16 / KINGS COUNTY / STATE OF NEW YORK)

# CERTIFICATE OF SERVICE

I, **Ehrenfriede Pahee Kauapirura©**, have served the foregoing document upon the

U.S.D.C. **EASTERN DISTRICT OF NEW YORK** and the following parties via USPS

Certified Mail on or about this ____ day of September 2023 as follows:

U.S.D.C. **EASTERN DISTRICT OF NEW YORK**
ATTN: Clerk (x3) copies
**225 Cadman Plaza East**
**Brooklyn, New York [11201]**
Certified Mail No: **7021 0950 0000 7259 6218**

IRS AGENT
D/B/A: **IRS Agent John Does 1-100**
**Attn: Internal Revenue Service**
**Austin, Texas [73301-0025]**
Certified Mail No: **7021 0950 0000 7259 6416**

DEPUTY ASSISSTANT ATTORNEY GENERAL
D/B/A: **DAVID A HUBBERT**
c/o: U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC [20530]
Certified Mail No: **7021 0950 0000 7259 6409**

On this ____ day of September 2023.

_____
**Ehrenfriede Pahee Kauapirura**