UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EHRENFRIEDE PAHEE KAUAPIRURA,

                Plaintiff,         **REPORT AND RECOMMENDATION**
                                          23-CV-6167 (DG)(LB)

            - against -

UNITED STATES OF AMERICA DEPARTMENT
OF THE TREASURY INTERNAL REVENUE
SERVICE doing business as IRS Agent John Does
1-100;Deputy Assistant Attorney General doing
business as DAVID A. HUBBERT,

                Defendants.
-------------------------------------------------------------x

**BLOOM, United States Magistrate Judge:**

      On August 16, 2023, *pro se* plaintiff Ehrenfriede Pahee Kauapirura filed this complaint against the United States Department of the Treasury, Internal Revenue Service ("IRS") and Deputy Assistant Attorney General David A. Hubbert. ECF. No. 1, Complaint ("Compl.") Plaintiff paid the required filing fee. ECF No. 2. On August 28, 2023, Plaintiff was directed to Show Cause in writing why this action should not be dismissed as frivolous and for lack of subject matter jurisdiction. ECF. No. 5, ("Order to Show Cause.") On September 25, 2023, Plaintiff filed a "Response to Order to Show Cause" ("Response") along with an "Affidavit in Support of Complaint via Negative Averment Admissions." ("Affidavit"). ECF. Nos. 7 ("Resp."), 8 ("Aff."). For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that the action should be dismissed as frivolous and for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff is a defendant in an ongoing criminal case in this Court; she is charged with filing false tax returns, obstructing the IRS, and willful failure to file tax returns. *See USA v. Kauapirura*,

1

No. 22-cr-0379 (DG) (E.D.N.Y. Aug. 17, 2022.) Here, plaintiff alleges that the IRS is not a "lawful bureau or department within the U.S. Department of the Treasury," and that plaintiff is not a taxpayer and is not required to pay taxes. Compl. at 6-7. Plaintiff's response and affidavit, much like her complaint, are rambling and lack coherence. Plaintiff falsely contends that the criminal charges against her have been "discharged." Resp. at 5; Aff. at 7, ¶ 32. Plaintiff also reiterates the same baseless claims that were made previously, contending, *inter alia*, that "the IRS is not an organization within the United States Department of the Treasury." Aff. at 2, ¶ 5. Plaintiff continues to assert that "Affiant is not and never was a 'taxpayer' as that term is defined in the Internal Revenue Code, a 'person liable' for any Internal Revenue tax, or a 'person' subject to the provisions of that Code . . .." *Id.* at 4, ¶ 16. Plaintiff fails to establish that her complaint is not frivolous and that the Court has subject matter jurisdiction over this action.

## STANDARD OF REVIEW

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. See *Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)); *Phillips, v. Long Island R.R. Co.,* No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023); *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).

## DISCUSSION

### I. Plaintiff's Claims are Frivolous

Plaintiff is asserting a "sovereign citizen" claim. Plaintiff states that she is a "secured party," "sui juris" "nonperson," stateless person," "non-resident," "non-participant in any government programs," refers to herself as Ehrenfriede Pahee Kauapirura©, and presents arguments aligned with sovereign citizen ideology. Compl. at 6; Aff. at 6, ¶ 28. Plaintiff also attaches documents relating to, *inter alia*, the "discharge" of her birth certificate and social security card, and UCC financing statements. Compl. at 16-53; Aff. at 6, ¶ 27. "In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (internal quotation marks and citation omitted).

As the Second Circuit explained, "sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, n. 1 (2d Cir. 2013). The Court further observed that the "so-called 'Sovereign Citizens' seek to 'clog[ ] the wheels of justice' and 'delay proceedings so justice won't ultimately be [d]one.... They do so by raising numerous—often frivolous—arguments, many alleging that the Courts or the Constitution lack any authority whatsoever." *United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019); *see also Tyson v. Clifford*, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Adherents of such claims or defenses 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.... Federal courts across the country, however, have

routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational, and unintelligible.") (collecting cases).

Moreover, courts have unequivocally dismissed the specific claim plaintiff asserts here: that because she identifies as a sovereign citizen, she is not a taxpayer and she is excused from her tax obligations. *See, e.g., Bey v. State of Indiana,* 847 F.3d 559, 559-61 (7th Cir. 2017) (attempts to evade taxation under sovereign citizen theories are "frivolous"); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (dismissing "free sovereign" arguments in a federal tax case as "completely without merit" and "patently frivolous"); *see also Cheek v. United States*, 498 U.S. 192, 199 (1991) (rejecting the sovereign-citizens' movement's belief in the unconstitutionality of income taxation); *cf. United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."). Thus, plaintiff's claims are "patently frivolous." *U.S. v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986) (noting that even in 1986, theories of immunity to taxation based upon sovereign citizenship had been "thoroughly rejected by every branch of the government for decades" and "such utterly meritless arguments" were "the basis for serious sanctions [to be] imposed on civil litigants who raise them").

## II. Improper Defendants

Moreover, the IRS and the Department of the Treasury are not proper defendants in this action. The IRS is an agency of the United States under the Secretary of the Treasury. *See* 26 U.S.C. 7801(a)(1) ("the administration and enforcement of [Title 26 of the United States Code] shall be performed under the supervision of the Secretary of the Treasury."). An action cannot proceed against the IRS for monetary or injunctive relief (or for a refund of tax allegedly improperly collected) because Congress has not authorized suit against the IRS in its own name.

4

*See generally Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (holding that Congress must give express authorization for an agency to be sued in its own name); *Calixte v. IRS.gov*, No. 21-CV-1419, 2021 WL 3847935, at *1 (E.D.N.Y. Aug. 26, 2021) ("Congress has not authorized suit against the IRS) (citing *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988)); *In re Hall*, 629 B.R. 124, 141 (Bankr. E.D.N.Y. 2021) ("[W]here a plaintiff – including a taxpayer – seeks to assert a claim concerning its tax liability, it is the United States, rather than its agency the IRS that may be sued."); *Greene v. IRS*, No. 1:08-cv-0280, 2008 WL 5378120, at *3 (N.D.N.Y. Dec. 23, 2008) ("No suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress has not authorized suit against the agency in its own name."). Thus, the Court considers this action as being brought against the United States. *See Dubay v. IRS*, No. 3:96-CV-1399, 1997 WL 76577, at *2 (D. Conn. Feb. 7, 1997) (considering plaintiff's *pro se* status, an assessment should be undertaken to determine the viability of suing the United States.).

### III. Lack of Subject Matter Jurisdiction

**1. Sovereign Immunity**

Even if plaintiff's claims were not frivolous, any claims against the United States are barred under the doctrine of sovereign immunity. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). This doctrine bars federal courts from hearing all suits against the federal government, including suits against federal agencies and individual federal officers, in their official capacities, such as defendant Hubbert, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) (the "shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official

capacities."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are ... barred under the doctrine of sovereign immunity, unless such immunity is waived.")

It is plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver, the court lacks jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A waiver of sovereign immunity "must be unequivocally expressed in statutory text and cannot simply be implied." *Adeleke v. United States*, 355 F.3d at 144, 150 (2d Cir. 2004) (internal citations omitted). "Moreover, the Court's review of those provisions that authorize suit against the IRS in certain circumstances find such provisions offer [Plaintiff] no basis to proceed before this Court because [s]he has failed to exhaust administrative remedies." *Roberts v. I.R.S.*, 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006). Plaintiff fails to allege facts sufficient to demonstrate the requisite waiver of sovereign immunity by the United States, and thus the instant suit is barred by sovereign immunity.

## 2. The Anti-Injunction Act

The Anti–Injunction Act ("AIA") permits the United States to assess and collect taxes without judicial intervention. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *Black v. United States*, 534 F.2d 524, 526–27 (2d Cir. 1976). The AIA specifically states that, excluding certain exceptions which are not applicable in this action, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Supreme Court has held that "[t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to

6

be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." *Enochs*, 370 U.S. at 7. Therefore, to the extent that plaintiff seeks injunctive relief preventing the IRS from collecting on her tax liabilities, her claim is barred by the Anti–Injunction Act.

### 3. The Declaratory Judgment Act

Finally, for all intents and purposes, plaintiff is seeking a declaration that she is not subject to the provisions of the Internal Revenue Code. To the extent that plaintiff requests such a declaration, plaintiff's claims are barred by the Declaratory Judgment Act, and thus the Court lacks subject matter jurisdiction. Although the Declaratory Judgment Act ("Act") empowers courts to "declare the rights and other legal relations of any interested party seeking such declaration," it expressly excludes cases "with respect to Federal taxes." 28 U.S.C. § 2201(a); S.*E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002) ("whether or not that Act waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes.") Accordingly, to the extent plaintiff seeks declaratory relief, the Court lacks jurisdiction over this action. *Calen v. United States*, No. 18-CV-2183, 2020 WL 3129063, at *8 (E.D.N.Y. Mar. 13, 2020), report and recommendation adopted, No. 18-CV-2183, 2020 WL 2537262 (E.D.N.Y. May 19, 2020); *Ulloa v. United States*, No. 1:06-CV-751, 2007 WL 2764792, at *5 (N.D.N.Y. Sept. 20, 2007); *Springer v. Dep't of Treasury I.R.S. Creditor Agency*, No. 09-CV-0104, 2010 WL 3842474, at *2 (E.D.N.Y. Sept. 28, 2010).

## CONCLUSION

Accordingly, it is respectfully recommended under 28 U.S.C. § 636(b) that plaintiff's action should be dismissed as frivolous and for lack of subject matter jurisdiction.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

_____
LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
       October 5, 2023