```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
                                      :
EHRENFRIEDE PAHEE KAUAPIRURA,          :
                                      :
        Plaintiff,                    :
                                      :
     v.                               :    Case No. 23-cv-6167
                                      :
UNITED STATES OF AMERICA et; al       :
DEPARTMENT OF THE TREASURY,           :
INTERNAL REVENUE SERVICE, D/B/A:      :
IRS AGENT JOHN DOES 1-100, and        :
DEPUTY ASSISTANT ATTORNEY             :
GENERAL D/B/A: DAVID A. HUBBERT,      :
                                      :
        Defendants.                   :
_____x
```

**DEFENDANT UNITED STATES' OPPOSITION TO PLAINTIFF'S
"MOTION TO STRIKE MOTION TO DISQUALIFY"**

The defendant United States of America, improperly named and sued as "United States of America et; al Department of the Treasury Internal Revenue Service D/B/A: IRS Agent John Does 1-100 and Deputy Assistant Attorney General D/B/A: David A. Hubbert,"[1] hereby responds to Plaintiff's October 20, 2023 "Response to Magistrate ECF 11 Issued by Lois Bloom, Magistrate Motion to Strike Motion to Disqualify" (the "Motion to Disqualify").[2] ECF No. 12.

---

[1] A suit against federal agents is essentially against the United States if the relief sought is from the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Deleeuw v. IRS*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987) ("Relief sought against [IRS] agents is actually relief sought against the United States"); *May v. United States*, No. 12-1659 JNE/AJB, 2012 WL 5497878, at *3 (D. Minn. Oct. 15, 2012), report and recommendation adopted, No. 12-CV-1659 JNE/AJB, 2012 WL 5504884 (D. Minn. Nov. 13, 2012), aff'd (Mar. 26, 2013) (where the relief sought operates against the United States, the United States is the proper defendant).

[2] By filing this opposition, which is neither an answer nor a Rule 12 motion, the United States does not waive service of process, or any other defenses to the Complaint. *See* Fed. R. Civ. P. Rule 12(h). The United States' responsive pleading is not due until November 27, 2023, at the earliest, based on Plaintiff's September 29, 2023, "Summons Returned Executed" filing, which itself does not make clear that the United States was properly served. *See* ECF No. 10.

Plaintiff Kauapirura initiated this matter by filing a complaint in the U.S. District Court for the Eastern District of New York on August 16, 2023. ECF No. 1. On August 28, 2023, Magistrate Judge Lois Bloom directed the Plaintiff to show good cause in writing by September 29, 2023, why this action should not be dismissed as frivolous for lack of subject-matter jurisdiction. ECF No. 5. On September 25, 2023, Plaintiff filed a response to the order to show cause. ECF No. 7. On October 5, 2023, Magistrate Judge Bloom issued a Report and Recommendation (R&R) under 28 U.S.C. § 636(b) recommending that the action be dismissed as frivolous and for lack of subject-matter jurisdiction. ECF No. 11. Magistrate Judge Bloom ordered that objections to the R&R were due by October 19, 2023. *See id.* On October 20, 2023, Plaintiff submitted the Motion to Disqualify apparently in response to the R&R. ECF No. 12. As an initial matter, to the extent that Plaintiff's Motion to Disqualify is an objection to the R&R, the response was submitted after the deadline to object had passed and therefore should not be considered. *See* ECF 12 at 1 ("Submitted on October 20, 2023" is handwritten on the first page, with what appears to be the Plaintiff's initials, "EK"). Failure to file a timely objection to an R&R generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Even if the Motion to Disqualify is treated as a response despite being untimely, or if the motion is considered in its own right, Plaintiff's motion should be denied because there is no basis to disqualify the Magistrate Judge. Though Plaintiff argues that she never consented to a referral to a Magistrate Judge, the Magistrate Judge was appropriately operating within the authority granted by 28 U.S.C. § 636(b)(1), which provides that a judge may designate a magistrate judge to issue recommendations to a district judge regarding the disposition of certain

2

matters. The R&R is only a recommendation and still must be ruled on by the district judge. Recognizing that the parties have not consented to having a magistrate judge conduct all proceedings in this action, 28 U.S.C. § 636(b)(1)(C) states that a district judge shall "make a *de novo* determination" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Magistrate Judge Bloom acknowledged as much both in the Order to Show Cause and in the R&R itself. *See* ECF No. 5 at 8 ("If plaintiff … fails to show good cause in writing by September 29, 2023 why this action should not be dismissed as frivolous and for lack of jurisdiction, I shall recommend that this case should be dismissed pursuant to 28 U.S.C. § 636(b)(1)."); *see also* ECF No. 11 at 8 ("[I]t is respectfully recommended under 28 U.S.C. § 636(b) that plaintiff's action should be dismissed as frivolous and for lack of subject matter jurisdiction.").

Because Magistrate Judge Bloom is acting within her statutory authority and Plaintiff has provided no support for her assertions that the magistrate judge's writings "arise to libelous and defamatory conduct," *see* ECF No. 12 at ¶ 3, Plaintiff's motion should be denied.

        Respectfully submitted,

        DAVID A. HUBBERT
        Acting Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Claire A. Shimberg*
        CLAIRE A. SHIMBERG
        Florida Bar No. 1025705
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-305-3197 (v)
        202-514-5238 (f)
        Claire.Shimberg@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2023, I electronically filed the foregoing *Defendant United States' Opposition to Plaintiff's "Motion to Strike Motion to Disqualify"* with the Court, notice of which will be sent electronically via the Court's CM/ECF system to all parties registered to receive electronic notification, and I served the following non-registered parties by first class mail addressed to:

    Ehrenfriede Pahee Kauapirura
    1331 East 104th Street
    Brooklyn, NY 11236

                                              */s/ Claire A. Shimberg*
                                              CLAIRE A. SHIMBERG
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice